# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 5, 2012

## STATE OF TENNESSEE v. DWIGHT MILLER

**Appeal from the Circuit Court for Haywood County**
**No. 2401      L. Terry Lafferty, Judge**

**No. W2011-00447-CCA-R3-CD  - Filed January 28, 2013**

THOMAS T. WOODALL, J., dissenting.

I respectfully dissent.  Specifically, I disagree with the majority's conclusions that in *Miller* I this court reversed the conviction *solely* "because of the manner in which the trial court admonished Blackwell [the unavailable witness] in front of the jury, [Blackwell's] explanation that her improved memory resulted from the threat of jail, and her testimony that she had been assaulted after she spoke with the TBI together with her attribution of the assault to her involvement in the case."

In *Miller* I, it was the *process* utilized by the trial judge (who was *not* the same judge who presided over the second trial which is the subject of the case *sub judice*) in order to get the witness, Ms. Blackwell, to testify in accordance with what the *trial judge* believed to be the truth that resulted in reversible error.  That process, of course, was to order the witness to be incarcerated until she decided to testify consistently with what the trial court believed to be the truth.  The trial court's statement to the witness, already quoted in the majority opinion, merits repetition here:

> I'm going to let you go into the custody of the Sheriff and see if your memory gets any better.  For purposes of this record, I don't find the fact that you say you don't remember to be credible. . . . And so, you go with the Sheriff, and when you feel like you can remember and you can come back in here and testify truthfully before this jury, you can let me know.  *Until then you can remain in the custody of the Sheriff.*

*Miller* I at *10 (emphasis added).

This court in *Miller* I correctly set forth the appropriate steps that could have been utilized during the first trial:

The Rules of Evidence provide methods for addressing situations in which a witness is uncooperative. As was done in this case, the court may, upon request of the party who called the witness, declare the witness hostile, thereby giving the examining party the ability to employ leading questions. Tenn. R. Evid. 611(c). In the event a witness claims memory loss, the witness's prior inconsistent statements are admissible for impeachment purposes under Tennessee Rule of Evidence 613(b). *See, e.g., State v. Kendricks*, 947 S.W.2d 875, 882 (Tenn. 1996) (witness's prior statement about relevant events admissible as prior inconsistent statement where witness at trial claimed to have no memory of events). Further, a memorandum or other record about matters of which a witness once had knowledge but is unable to recollect sufficiently to testify fully and accurately at trial may be admitted if it meets certain qualifications. Tenn. R. Evid. 803(5).

*Miller* I at *11.

Just after setting forth the proper procedures, the court in *Miller* I noted the following:

Further, a trial court may admonish a witness suspected of untruthfulness of the significance of lying under oath. *State v. Schafer*, 973 S.W.2d 269, 278 (Tenn. Crim. App. 1997). However, a trial court may not declare its belief the witness is being untruthful and threaten the witness with prosecution for perjury to such a degree that the witness changes his testimony to the detriment of the defendant. *Schafer*, 973 S.W.2d at 278. When the trial court's actions exceed the bounds of an appropriate warning, "the defendant's right to a fair trial is compromised and outcome of the trial brought into question." *Schafer*, 973 S.W.2d at 278.

*Miller* I at *12.

Finally, in *Miller* I, this court clearly stated that "the entire procedure was prejudicial to the judicial process." *Id*.

It was error to admit any testimony of Ms. Blackwell which was given at the first trial *after* she was incarcerated by order of the trial judge for not testifying as to what the trial judge believed to be the truth. The witness's testimony under these circumstances in the first trial led to reversible error. The fact that the jury in the second trial was unaware that her testimony was the direct result of being incarcerated by the trial judge does not "clean up" or otherwise negate the prejudice to the judicial process caused by "the entire procedure" utilized by the trial judge in the first trial. Time does not, and cannot, eliminate this prejudice to the judicial process. I would reverse and remand for a new trial wherein the prior

testimony of Katherine Blackwell, given at the first trial *after* her incarceration by the trial judge, would not be admissible.

          _____

          THOMAS T. WOODALL, JUDGE